UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JERRY BAPTISTE,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-00296-JPB-CMS-13 |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation dated August 29, 2022 ("R. & R.") [Doc. 557] and Jerry Baptiste's ("Defendant") Objections to the R. & R. [Doc. 570]. This Court finds as follows:

## BACKGROUND

Defendant is charged with conspiracy to commit bank and wire fraud; substantive counts of bank fraud, wire fraud and making false statements; and money laundering. See [Doc. 290]. The R. & R. sets forth the facts of this case in considerable detail. See [Doc. 557, pp. 4–12]. The Court incorporates those facts by reference here in addition to providing a brief summary of the facts most relevant to Defendant's objections.

On August 18, 2020, United States Magistrate Judge Justin S. Anand issued a search warrant for several Google LLC ("Google") e-mail accounts, including one belonging to the Defendant: netbasedstudios@gmail.com (the "NBS Account"). [Doc. 439-1, p. 44]. This warrant is the subject of Defendant's Motion to Suppress [Doc. 439] and the corresponding R. & R. [Doc. 557]. In Defendant's Motion, Defendant seeks to suppress evidence seized pursuant to the search warrant and asks that the Court conduct a hearing pursuant to Franks v. Delaware based on alleged misrepresentations contained therein. 438 U.S. 154 (1978).

The search warrant authorized seizure of information "that constitutes contraband, fruits, evidence and/or instrumentalities of violations of 18 U.S.C. §§ 1343, 1344, 1349, 1014, 1956, and/or 1957 involving the target and/or any associates or accomplices." [Doc. 439-1, p. 49]. The statutes enumerated in the warrant concern wire fraud and bank fraud, conspiracy, false statements and money laundering. See 18 U.S.C. §§ 1343, 1344, 1349, 1014, 1956, 1957. The search warrant was temporally limited, only permitting seizure of records from March 31, 2020, through the present, which at the time was on or about August 18, 2020. [Doc. 439-1, pp. 44, 47].

In support of the search warrant, FBI Special Agent Joseph D. Stites prepared a thirty-four-page affidavit. Id. at 3–36. In it, Special Agent Stites

provided information to show that based on fraudulent conduct, a federally-insured lender issued a Paycheck Protection Program ("PPP")[1] loan to Transportation Management Services, Inc. ("Transportation Management")[2]. Id. at 7–18, 25. The affidavit also included facts to show that evidence regarding the Transportation Management PPP loan (and related money laundering activities) would be found in the NBS Account. Id. at 11–18, 23–27. Moreover, the affidavit contained information suggesting that the Transportation Management PPP loan was connected to four other fraudulent PPP loan applications, all of which were nearly identical to each other. Id. at 10–12. As such, the search warrant authorized agents to seize evidence relating to communications about any PPP loan and fraudulent loan application. Id. at 49–50.

One piece of evidence supporting the affidavit was a May 29, 2020 email exchange involving the NBS Account, which included an itemized list of purported expenses for Transportation Management. Id. at 17. In the affidavit, Special Agent Stites erroneously stated that the Defendant received the email when, in reality, Defendant sent the email. See [Doc. 439-2, p. 4]. This email is a focus of

---

[1] The PPP was established as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.
[2] Ben Benoit (a codefendant in this case) claimed sole ownership of Transportation Management. [Doc. 439-1, p. 16].

3

Defendant's Motion to Suppress and the basis for his request for a Franks hearing. See [Doc. 439].

In the R. & R. dated August 29, 2022, United States Magistrate Judge Catherine M. Salinas recommended denying Defendant's Motion. [Doc. 557, p. 29]. Defendant filed objections to the R. & R. on September 13, 2022. [Doc. 570]. The R. & R. is ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d

1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

As stated above, Defendant filed objections to the R. & R. See [Doc. 570]. The objections are discussed in turn below.

### I. First Objection

Defendant first objects to the R. & R.'s conclusion that the affidavit alleges specific, articulable facts sufficient to justify the seizure of emails beyond those relating to the Transportation Management loan. Id. at 6. Defendant maintains that the search warrant, supported by an affidavit containing facts regarding Defendant that related to only a single loan (the Transportation Management loan), authorized agents to conduct a general search of the NBS Account for evidence pertaining to other potentially fraudulent PPP loans. Id. at 1. As a result, Defendant contends, the search warrant amounts to an impermissible general search warrant. Id. at 6. In making his objection, Defendant raises United States v. Christine, noting that although he relied heavily on the case in his Motion, the R. & R. did not address it. Id. at 8; 563 F. Supp. 62 (D.N.J. 1983).

This Court discerns no error in the Magistrate Judge's determination and finds that the warrant is supported by probable cause. The Eleventh Circuit Court of Appeals has explained that

> [p]robable cause exists when under the totality-of-the-circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. In other words, probable cause exists where the facts lead a reasonably cautious person to believe that the search will uncover evidence of a crime.

United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (citation and quotations omitted). The affidavit in support of a search warrant, then, must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the [location] to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). The task of this Court is "only to determine whether there is substantial evidence in the record supporting the magistrate judge's decision to issue the warrant," rather than conduct a *de novo* determination of probable cause. United States v. Bushay, 859 F. Supp. 2d 1335, 1379 (N.D. Ga. 2012) (citing Massachusetts v. Upton, 466 U.S. 727, 728 (1984)). Indeed, reviewing courts are to accord "great deference" to a magistrate judge's determination of probable cause to issue a search warrant. United States v. Leon, 468 U.S. 897, 914 (1984); Martin, 297 F.3d at 1317.

In arguing only about the seizure of items "beyond" those relating to the Transportation Management loan, Defendant seems to concede that there existed probable cause to search his NBS Account for evidence related to that loan only. See [Doc. 570, p. 6]. But Special Agent Stites's affidavit also contained facts showing that the Transportation Management loan was one of five nearly identical fraudulent PPP loans, suggesting that the Transportation Management loan was one piece of a pattern of fraudulent conduct. [Doc. 439-1, pp. 10–12]. Given these facts, this Court finds no reason to disturb Judge Anand's determination that under the totality of the circumstances, the facts contained in the affidavit sufficiently showed a "fair probability" that evidence of other fraudulent PPP loans would be found in the NBS Account. See Leon, 468 U.S. at 914; Tobin, 923 F.3d at 1510.

Before discussing Defendant's second objection, the Court briefly addresses Defendant's arguments regarding United States v. Christine, 563 F. Supp. at 62–68. This case, which is nonbinding, does not persuade this Court to reach a different conclusion. The court in Christine found that "[t]he affidavit did not establish probable cause to believe that the defendants were engaged in widescale fraud." 563 F. Supp. at 66. Here, however—as discussed above—the affidavit contained facts to support Judge Anand's determination that there was probable

7

cause (1) to believe that the fraudulent Transportation Management loan was part of a pattern of fraudulent loans, as the affidavit describes four other nearly-identical loans and (2) that the Defendant was involved in one of the pattern loans (the Transportation Management loan).  Under these facts, the Court agrees that there was probable cause to search for evidence of other fraudulent PPP loans and applications.  Defendant's objection is **OVERRULED.**

### II.  Second Objection

Second, Defendant objects to the R. & R.'s conclusion that the two-step process employed by the warrant and agents satisfied the Fourth Amendment. [Doc. 570, p. 13].  Defendant appears to link his second objection entirely to his first: "*When considered in connection with the lack of articulable probable cause extending beyond the [Transportation Management] loan*, the Court should conclude that the warrant is an impermissible general warrant . . . ." Id. (emphasis added).  As already discussed, the Court agrees that there was probable cause to execute the search warrant for evidence extending beyond the Transportation Management loan.  To the extent that Defendant's second objection is premised on the alleged lack of probable cause to search for evidence of additional fraudulent PPP loans, the objection is overruled.

However, to the extent that Defendant argues that—irrespective of whether probable cause existed to search for evidence of other potentially fraudulent PPP loans—the two-step search process was impermissibly overbroad, his argument is unavailing. The Eleventh Circuit has determined that warrants are sufficiently particular where the items to be seized are limited by the crimes that are the subject of the investigation. See Signature Pharmacy, Inc. v. Wright, 438 F. App'x 741, 746 (11th Cir. 2011); United States v. Santarelli, 778 F.2d 609, 614–15 (11th Cir. 1985). For two-step email search warrants, like the one employed in this case, the Eleventh Circuit has explained that such warrants are permissible when there are meaningful limitations on the warrant's scope. See United States v. Blake, 868 F.3d 960, 974–75 (11th Cir. 2017).

Here, as Judge Salinas discussed in her R. & R., the warrant was temporally limited; authorized seizure of evidence that constituted "contraband, fruits, evidence and/or instrumentalities" of violations of only the statutes enumerated therein; and identified specific categories of information to be seized relating specifically to the NBS Account and potential PPP loan fraud. Defendant's second objection is **OVERRULED**.

### III. Third Objection

Defendant next objects to the R. & R.'s conclusion that he is not entitled to a Franks hearing regarding alleged misstatements contained in the affidavit, which Defendant maintains were made intentionally or with reckless disregard for the truth. [Doc. 570, pp. 15–16]. The alleged misstatement in this case is the erroneous transposition of the May 29, 2020 email's sender and recipient. See id. at 15. Having reviewed this portion of the R. & R. *de novo*, this Court agrees with Judge Salinas's conclusion.

The Court is not persuaded that simply because the government was in possession of the email[3]—and, in that sense, was aware of the email's true sender and recipient—and because Special Agent Stites received a "non-nefarious" explanation for the email from Mr. Benoit, the agent's transposition of the two constituted a false statement made intentionally or with reckless disregard for the truth. The Court is not convinced that these facts alone, combined with Defendant's theory of the agent's potential motivation for misstating the sender and recipient, constitute a sufficient "offer of proof" to require an evidentiary hearing. See Franks, 438 U.S. at 171; [Doc. 570, pp. 16–17].

---

[3] In his brief, Defendant argues: "The Court should conclude this allegation was made either intentionally or with reckless disregard for the truth because the agent already had the email being alleged." [Doc. 570, p. 16].

And, in any case, the Court does not find that the misstatement was material to Judge Anand's issuance of the search warrant. The Court agrees with Judge Salinas that what mattered was not who sent or received each email, but rather that the email participants communicated regarding Transportation Management's purported expenses during the timeframe of Transportation Management's fraudulent PPP loan. [Doc. 557, p. 27]. Even if Special Agent Stites had accurately portrayed the sender and recipient of this email, the facts contained in the affidavit would still have been sufficient to support a finding of probable cause. And, since "[n]egligent mistakes and immaterial omissions do not implicate Franks," the Court finds that Defendant is not entitled to a Franks hearing on this issue. United States v. Goldstein, 989 F.3d 1197 (11th Cir. 2021). Defendant's third objection is **OVERRULED**.

### IV.  Fourth Objection

Finally, Defendant objects to the R. & R.'s conclusion that the Leon good faith exception would apply to the warrant requirement in the event the warrant had been unconstitutional. [Doc. 570, p. 18]; 468 U.S. 897. Because the Court finds that the warrant was constitutional, Defendant's fourth objection need not be addressed and is **OVERRULED**.

## CONCLUSION

The Court has carefully reviewed both R. & R. and all objections thereto. The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED** in their entirety. Accordingly, the Court **APPROVES AND ADOPTS** the R. & R. [Doc. 557] as the order of the Court. For the reasons stated by the Magistrate Judge, Defendant's motion [Doc. 439] is **DENIED**.

**SO ORDERED** this 22nd day of January, 2024.

_____
J. P. BOULEE
United States District Judge